■ ETHEL LONGO et al., Respondents, v. MINOR DUVALL et al., Appellants, et al., Defendants.— In an action to recover damages for injuries to person and property, and for medical expenses and loss of services, the appeal is from an order denying appellants' motion to change the place of trial, for the convenience of witnesses, from Kings County to Steuben County. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. In our opinion, it was an improvident exercise of discretion, on the record presented, to deny the motion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ THOMAS F. McMAHON et al., Plaintiffs, v. CITY OF NEW YORK, Defendant. DOROTHY McMAHON, as Administratrix of the Estate of THOMAS F. McMAHON, Deceased, Appellant, v. CITY OF NEW YORK et al., Respondents.— In an action to recover damages for personal injuries and for wrongful death, the appeal is from that portion of the judgment dismissing the cause of action for wrongful death after trial before the court without a jury. Judgment, insofar as appealed from, unanimously affirmed, with costs. The accident happened on July 4, 1951. Death from suicide occurred on April 12, 1952. The trial court found that the suicide was the deliberate act of a sane person and not the proximate result of respondents' negligence. The finding is sustained by the evidence. (Scheffer v. Railroad Co., 105 U. S. 249; Daniels v. New York, New Haven & Hartford R. R. Co., 183 Mass. 393.) Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ WALTER O'ROURKE, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries, the appeal is from an order which denies a motion to dismiss for lack of prosecution, pursuant to rule 156 of the Rules of Civil Practice, upon condition that a note of issue be served and filed for the next term of the court. Order reversed, without costs, and motion granted, without costs. Respondent failed to present facts showing any reasonable excuse for the delay of 28 months after joinder of issue in bringing the case on for trial. The denial of the motion conditionally was, therefore, an improvident exercise of discretion. (Smith v. Schiller, 279 App. Div. 755; Johnson v. Moody's Investors Service, 285 App. Div. 966; Mazor v. Oceana Realty Corp., 286 App. Div. 1021; Brassner Mfg. Co. v. Consolidated Edison Co. of N. Y., 1 A D 2d 840.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.